NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1135
_____

YUSUPHA SANNEH,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A208-334-342)
Immigration Judge: Honorable Leo A. Finston

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 21, 2019

_____

Before: GREENAWAY, JR., PORTER, and COWEN, *Circuit Judges*.

(Opinion Filed: July 17, 2020)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Yusupha Sanneh applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming, in part, that, if he returned to his home country, he would be persecuted. An Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") denied his claim. Sanneh filed a petition for review with this Court. Sanneh's failure to exhaust a dispositive issue before the BIA means the issue is waived, and the existence of substantial evidence supporting the agency's findings requires us to deny his petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sanneh—a native and citizen of the Republic of The Gambia ("The Gambia")—entered the United States in September 2014, as a non-immigrant foreign representative, accompanying then-President Yahya Jammeh to the United Nations, as an orderly in his household staff. Once in New York, Sanneh took the opportunity to "abscond[]" from then-President Jammeh, who was allegedly "paranoid and suspicious of all individuals[,]" and who purportedly "threatened to cut [Sanneh's] head" off and send him to jail. A.R. 87, 403.

In early 2015, Sanneh applied for asylum and withholding of removal, under the Immigration and Nationality Act ("INA") § 208, 8 U.S.C. § 1158, and § 241(b)(3), 8 U.S.C. § 1231, as well as protection under CAT, fearing that he would be "executed [if he returned to The Gambia] . . . know[ing] firsthand that [then-President Jammeh] holds grudges and also what harm he is capable of inflicting to people he perceives as his enemies." A.R. 383. Sanneh also feared the new government, which was comprised of

2

Mandinkas, as he is a member of the Jola ethnic group and thus believed the new government would "make [him] disappear." A.R. 123.

In 2018, the Department of Homeland Security commenced removal proceedings, asserting Sanneh was removable pursuant to INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227, for having failed to maintain compliance with the conditions of his non-immigrant status. On June 8, 2018, an IJ denied Sanneh's applications for asylum, withholding of removal, and CAT protection.

The IJ detailed three reasons for his asylum decision: (1) Sanneh's participation in past persecution (*i.e.*, the "persecutor bar"); (2) alternatively, assuming that the persecutor bar did not apply, failure to show prior persecution "on account of a protected ground";[1] and (3) failure to establish a well-founded fear of future persecution, as there was insufficient evidence that the "new government would persecute [Sanneh] for his political opinion or that Jola tribe members are persecuted." A.R. 50–52.[2]

The IJ also found that Sanneh's withholding of removal claim and CAT protection claim also failed. First, the IJ determined that Sanneh failed to meet the required burden

---

[1] Specifically, the IJ wrote: "[Sanneh] claims that he was arrested, detained and tortured because he was falsely accused of stealing money from President Jammeh. This does not fall within one of the protected grounds . . . [and] tends to show that [President Jammeh] simply mistreated . . . and did not fully trust those who worked for him." A.R. 51.

[2] The IJ also found that Sanneh "did not submit sufficient documentary evidence, particularly country conditions reports, showing either that he would be harmed because of his political opinion, or because he is a Jola." A.R. 50. Further, although the IJ "did not render an explicit credibility finding," the BIA determined that "the testimony offered in support of [Sanneh's] claims is presumed to be credible." A.R. 3.

3

of proof for withholding of removal. Second, the IJ determined that Sanneh's CAT protection claim failed because he did not demonstrate that it would be "more likely than not [that] he would be subject to torture if returned to Gambia." A.R. 53. Sanneh timely appealed the IJ's decision to the BIA. On January 2, 2019, the BIA affirmed the IJ's denial of Sanneh's application on all points except that it found the persecutor bar did not apply to Sanneh. Sanneh filed a timely petition for this Court to review the BIA's decision.

## II.   JURISDICTION AND STANDARD OF REVIEW

The BIA had jurisdiction to review Sanneh's appeal under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review his petition under 8 U.S.C. § 1252(a)(1); *see also* 8 U.S.C. § 1252(b)(2). When the "BIA's opinion directly states that the BIA is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of the BIA's conclusions, we review both decisions." *Uddin v. Att'y Gen.,* 870 F.3d 282, 289 (3d Cir. 2017), *as amended* (Sept. 25, 2017) (internal citations and quotation marks omitted). Questions of law are reviewed de novo, subject to the principles of *Chevron* deference, and the BIA's factual findings are reviewed under the substantial evidence standard. *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 542–43 (3d Cir. 2018). We will only reverse the BIA's decision if a "reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 543 (internal citation and quotation marks omitted). Further, this Court can only review "a final order of removal" if an "alien has exhausted all administrative remedies available . . . as of right[.]" 8 U.S.C. § 1252(d)(1). Failure to exhaust can occur when an alien does not raise an issue before the BIA. *See*

*Zhi Fei Liao v. Att'y Gen.*, 910 F.3d 714, 718 (3d Cir. 2018) ("[A] petitioner who completely omits an issue [in his BIA appeal] fails to meet the exhaustion requirement with respect to that issue" (internal citation omitted)). If a petitioner does not raise an issue in his or her opening brief before this Court, that issue is also waived. *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005); *see also Barna v. Board of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 146–47 (discussing the difference between the terms "waiver" and "forfeiture" and how they are "often used interchangeably" even though they are not technically "synonymous" (internal citation and quotation marks omitted)).

### III.   ANALYSIS

We cannot review Sanneh's asylum and withholding of removal claims because of his failure to exhaust—and waiver of—any challenge to the IJ's lack-of-nexus determination, which is dispositive. There is also substantial evidence supporting the agency's finding that Sanneh was not eligible for CAT protection.[3]

The law is clear that asylum may be granted if an applicant demonstrates that he or she is a refugee. *See* 8 U.S.C. § 1158(b)(1)(A). To do so, an applicant must establish either past persecution or a well-founded fear of future persecution in his or her home country, "on account of race, religion, nationality, membership in a particular social group, or political opinion"—*i.e.*, a protected ground. *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 214 (3d Cir. 2017) (quoting 8 U.S.C. § 1101(a)(42)(A)); *see also Singh v.*

---

[3] Additionally, substantial evidence does support the agency's determination regarding Sanneh's asylum and withholding of removal claims.

5

*Gonzales*, 406 F.3d 191, 196 (3d Cir. 2005). Thus, "a key task for any asylum applicant is to show a sufficient 'nexus' between persecution and one of the listed protected grounds." *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 129 (3d Cir. 2009). An applicant seeking statutory withholding of removal under 8 U.S.C. § 1231(b)(3) needs to establish "a clear probability of persecution," meaning that he or she "is more likely than not . . . [to] suffer persecution upon returning home." *S.E.R.L.*, 894 F.3d at 544 (internal citation omitted). If an alien fails to qualify for asylum, he or she will be ineligible for withholding of removal, which has a more demanding standard. *Id.* Eligibility for CAT protection requires an applicant to show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Pieschacon-Villegas v. Att'y Gen.,* 671 F.3d 303, 310–11 (3d Cir. 2011) (internal citations and quotation marks omitted); *see also* 8 C.F.R. § 208.16(c)(2). The burden of establishing eligibility on all of these grounds—asylum, withholding of removal, and CAT protection—is on the applicant. 8 U.S.C. § 1158 (b)(1)(B)(i); 8 C.F.R. §§ 1208.13(a), 1208.16(b)–(c).

Here, the IJ found that Sanneh did not establish the necessary nexus between past or future persecution and a protected ground. Rather, the IJ found that Sanneh's claims of past persecution were based on how then-President Jammeh had treated him, primarily in, relation to an incident where he was accused of stealing money. According to the IJ, this conduct did not fall within a protected ground category. Sanneh's fears of future persecution were unsupported by any objective evidence; indeed, the evidence showed that the new government was much more diplomatic, "there were no reports . . . [of]

6

arbitrary or unlawful killings," and there was no documentary evidence supporting the contention that "Jolas [were] targeted by the Mandinka government." A.R. 52.

In his appeal to the BIA, Sanneh failed to contest the IJ's no-nexus finding.[4] Thus, the dispositive issue for his asylum and withholding of removal claims—whether the prior harm he suffered or his fear of future persecution was on account of a statutorily protect ground—was not exhausted. His briefing before this Court likewise failed to raise this crucial issue, precluding our review.[5] *See Pelullo*, 399 F.3d at 222.

---

[4] In his appeal to the BIA, Sanneh argued that he "merits a favorable finding regarding his credibility, that he justifiably fears returning to Gambia, and that the [IJ] erred in applying the Persecutor Bar." A.R. 12. Nowhere in his appeal did he contest the IJ's no-nexus finding. As such, the BIA determined: "On appeal, [Sanneh] does not contest the Immigration Judge's finding that any harm he suffered was not shown to be on account of a statutorily protected ground, and we determine that the Immigration Judge's finding is not clearly erroneous." A.R. 4. While the BIA's determination regards Sanneh's *past* persecution, and while Sanneh did proffer arguments to the BIA regarding his *future* persecution because of his affiliation with former President Jammeh and his Jola ethnicity—which is still arguably not a direct appeal of the IJ's no-nexus finding— the BIA nevertheless determined the IJ's future persecution finding was not clearly erroneous, having relied in part on a country report, and having found that Sanneh had provided no objective evidence that Jolas were targeted. Thus, while we believe Sanneh did not exhaust the no-nexus argument; he also failed to provide substantial evidence of his future fear of persecution based on a protected ground.

[5] Sanneh raised three issues in his appellate briefing: (1) whether he had "established past persecution as a member of a particular social group," the social group being "members of former President Jammeh's household"; (2) whether the IJ erred by finding Sanneh "provided no corroborating evidence" by failing to "afford[] [Sanneh] an opportunity to testify on why he did not proved [sic] the evidence"; and (3) whether the BIA erred by failing "to consider [Sanneh's] CAT claim." Petitioner's Br. 1-2. But, as addressed above, Sanneh's argument regarding the "particular social group" was not raised before the BIA and thus was not exhausted, and his briefing to this Court did not address his failure to demonstrate a well-founded fear of future persecution related to a protected ground, thus waiving our review of that determination. *See Zhi Fei Liao*, 910

7

Additionally, and as both the IJ and BIA concluded, Sanneh failed to show that he would more likely than not be subjected to torture were he to return to The Gambia, and thus failed to meet his burden of showing substantial evidence of such. For example, Sanneh's Jola relatives remain in The Gambia unharmed. Indeed, the IJ stressed that country conditions have changed, the new president was elected peacefully and credibly, and "there have been significant efforts to reform the government's human rights record." A.R. 53. The record thus does not compel a contrary finding to that of either the BIA or the IJ regarding whether Sanneh qualified for CAT protection.

## IV.  CONCLUSION

Because Sanneh failed to exhaust the IJ's lack-of-nexus determination, a dispositive issue, before the BIA, and because he failed to raise that issue in his briefing to this Court, we are precluded from reviewing the issue. Additionally, substantial evidence supports the agency's findings on all counts. As such, we will deny Sanneh's petition for review.

---

F.3d at 718; *Pelullo*, 399 F.3d at 222. Additionally, corroboration is irrelevant here as neither the IJ nor the BIA made a determination on corroboration grounds. A.R. 48-50, 3.

8